**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-23083-RAR-LFL**

SHARKNINJA OPERATING LLC, *et al.*,

      Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

<u>**PLAINTIFFS' VERIFIED RESPONSE TO THE COURT'S OMNIBUS ORDER**</u>

Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (collectively, "SharkNinja" or "Plaintiffs"), by and through its undersigned counsel, hereby submit this verified response to the Court's Omnibus Order, dated May 6, 2026 [ECF No. 8].

In support thereof, Plaintiff identifies the cases below as complaints brought by Plaintiff against sellers who are also Defendants in the current matter.  None of the cases below concern the patent asserted in this case, US Patent No 12,593,855 (the "'855 Patent"), nor do any of the claims of those patents asserted in the below cases overlap with the claims of the '855 Patent asserted here.

Defendant Relexnow was sued by Plaintiffs in this Court in Case No. 1:25-cv-25323-RAR (S.D. Fla.) for infringement of U.S. Patent Nos. 12,285,028 and D1,091,236. Relexnow is a subject of Plaintiffs' Motion for Default Judgment [ECF No. 289] and did not file a response to that Motion.

1

Defendant Bizaura was sued by Plaintiffs in 25-cv-25323-RAR for infringement of U.S. Patent Nos. 12,285,028 and D1,091,236. Bizaura is a subject of Plaintiffs' Motion for Default Judgment [ECF No. 289] and did not file a response to that Motion.

Defendant Syintao (Dongdong Century (Hangzhou) Technology Co., Ltd., d/b/a Syintao) was sued by Plaintiffs in 25-cv-25323-RAR for infringement of U.S. Patent Nos. 12,285,028 and D1,091,236. After a hearing on Plaintiffs' Motion for Preliminary Injunction and Memorandum of Law in Support Thereof [ECF No. 37], the Court granted, in part, and denied, in part, the Motion for Preliminary Injunction as to the Glacier Defendants [ECF No. 261] and entered an Order of Preliminary Injunction as to the Glacier Defendants [ECF No. 266]. Syintao is among the parties preliminarily enjoined.

Defendant Aaobosi/Aobosi was sued by Plaintiffs in 25-cv-25323-RAR for infringement of U.S. Design Patent No. D1,091,236. Aaobosi is a subject of Plaintiffs' Motion for Default Judgment [ECF No. 289]. On May 7, 2026, Aaobosi filed a Motion to Set Aside Default [ECF No. 296], which remains pending.

Defendant Casidea was sued by Plaintiffs in 25-cv-25323-RAR for infringement of U.S. Design Patent No. D1,091,236. Casidea is a subject of Plaintiffs' Motion for Default Judgment [ECF No. 289] and did not file a response to that Motion.

Defendant Dutepa (Jiangmen Lianrong Metal Curtain Wall Co., Ltd, d/b/a Dutepa Home-US) was sued by Plaintiffs in 25-cv-25323-RAR for infringement of U.S. Patent Nos. 12,285,028 and D1,091,236. After a hearing on Plaintiffs' Motion for Preliminary Injunction [ECF No. 37], the Court granted, in part, and denied, in part, the Motion [ECF No. 269]. Dutepa is not among the parties preliminarily enjoined.

Defendant Fohere (Shenzhen Fuduosi Trade Co. Ltd., d/b/a Fohere) was sued by Plaintiffs in 25-cv-25323-RAR for infringement of U.S. Patent Nos. 12,285,028 and D1,091,236.  In March 2026, Plaintiffs and Fohere reached a confidential settlement agreement, which is attached as Exhibit 1.[1]  Plaintiffs filed a Notice of Voluntary Dismissal as to Fohere on March 31, 2026 [ECF No. 283], and the Court entered an Order Dismissing Fohere on April 8, 2026 [ECF No. 285].  That settlement agreement does not concern the patent at issue in the present case, and plaintiffs have no reason to believe that Fohere is currently in violation of that agreement.

Defendant VNN was sued by Plaintiffs was sued by Plaintiffs in 25-cv-25323-RAR for infringement of U.S. Design Patent No. D1,091,236.  After a hearing on Plaintiffs' Motion for Preliminary Injunction [ECF No. 37], the Court granted, in part, and denied, in part, the Motion [ECF No. 269].  VNN is not among the parties preliminarily enjoined.

Defendant WIE was sued by Plaintiffs in 25-cv-25323-RAR for infringement of U.S. Patent Nos. 12,285,028 and D1,091,236.  After a hearing on Plaintiffs' Motion for Preliminary Injunction [ECF No. 37], the Court granted, in part, and denied, in part, the Motion [ECF No. 269].  WIE is not among the parties preliminarily enjoined.

While not a case brought by Plaintiffs, for the sake of completeness, Plaintiffs identify Case No. 2:25-cv-00954-DWC (W.D. Wa.).  Plaintiffs were declaratory judgment defendants in that case brought by Foshan Macjerry Technology Co., Ltd. ("Foshan") concerning Plaintiffs' intellectual property rights relating to slushie machines.   Foshan is not a Defendant in the current case, but Foshan's counsel has indicated that Defendant BKPPM is related to Foshan.  As with the above cases, the patents at issue did not include or overlap with the currently asserted patent.  The

---

[1] Plaintiffs will move separately to request permission to file the confidential settlement agreements under seal.

parties reached a confidential settlement in that case in February 2026 and the case was dismissed. That agreement is attached hereto as Exhibit 2.[2]  Plaintiffs have no reason to believe that Foshan is currently in violation of that agreement.

While not a case brought by Plaintiffs, for the sake of completeness, Plaintiffs identify Case No. 1:25-cv-12447 (D.Mass).  Plaintiffs were declaratory judgment defendants in that case brought by Shenzehn SaLilan Technology d/b/a "salilankeji," Shenzhen FanXingWang Trading Co., Ltd., d/b/a "ICRINA Direct", and Shenzehn XiWei Technology Co., Ltd., d/b/a TLiuLihua that concerning Plaintiffs' intellectual property rights relating to slushie machines.  Defendant Foyoconven is the current case appears to a seller associated with Shenzhen Salilan Technology Co.  As with the above cases, the patents at issue did not include or overlap with the currently asserted patent.  The parties entered a consent judgment in the case, attached as Exhibit 3.  In that agreement, the sellers agreed to cease selling the products at issue, Plaintiffs agreed to forgo any claims for past damages, and all parties agreed to forgo any claims for attorney fees and costs. Plaintiffs are corresponding with Shenzhen Salilan Technology Co. regarding compliance with that agreement.

On May 13, 2025, counsel for the Plaintiffs also conducted a search on Docket Navigator of case filings through the United States case index search, in compliance with the Court's Omnibus Order, and confirmed Plaintiffs have not filed any other actions against the Defendants in any other District Court.

---

[2] *See supra* note 1.

## **VERIFICATION**

I declare under penalty of perjury that the facts stated in the foregoing Response are true and correct.

Executed on May 14, 2026.

/s/ *David Glandorf*
David Glandorf

Respectfully submitted,

**Kevin C. Kaplan, Esq.**
Florida Bar No. 933848
kkaplan@coffeyburlington.com
lperez@coffeyburlington.com
**Christopher E. Cheek, Esq.**
Florida Bar No. 91363
ccheek@coffeyburlington.com
lmaltz@coffeyburlington.com
service@coffeyburlington.com
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive, PH-1
Miami, Florida 33133
Tel: (305) 858-2900

OF COUNSEL:

**Brian Rosenthal** (*pro hac vice pending)*
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York NY 10166-0193
Tel: (212) 351-4000

**Brian Buroker** (*pro hac vice pending*)
bburoker@gibsondunn.com
**Shuo Josh Zhang** (*pro hac vice pending*)
szhang@gibsondunn.com

**David Brzozowski** (*pro hac vice pending*)
dbrzozowski@gibsondunn.com
**Yun Lin** (*pro hac vice pending*)
rlin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel:  (202) 955-8500

**David Glandorf** (*pro hac vice pending*)
dglandorf@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Tel:  (303) 298-5700

*Counsel for Plaintiffs SharkNinja Operating
LLC and SharkNinja Sales Company*