IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:26-cv-23083-RAR

SHARKNINJA OPERATING LLC, and
SHARKNINJA SALES COMPANY,

        Plaintiffs,

    v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

        Defendants.

_____/

## ORDER

**THIS MATTER** comes before the Court on the Joint Request to Set Briefing Schedule on Plaintiffs' Motion for Preliminary Injunction, (ECF No. 51), filed by Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company and Defendants Garvee, REVOTIO, SUPWIN, SYINTAO, CULVANI, FOHERE, VNN, WIE, Astralship, Nutrichef, Crownful, ontravelo, AllToU, Besococina, Velpax, NEOISM (NEOISM store), NEOISM (KangYiYuan) (collectively, "Yu Defendants").

The Parties jointly request the entry of a briefing schedule on the Motion for Preliminary Injunction (ECF No. 11) ("P.I. Motion"). The P.I. Motion was filed after Judge Ruiz consolidated three related cases into the instant case. (ECF No. 7).[1] Thus, the P.I. Motion (and its supporting exhibits) is directed to all of the defendants identified on Schedule "A" (ECF No. 10-41), as opposed to just the Yu Defendants in particular. As a matter of judicial economy, the undersigned will require Plaintiffs to

---

[1] The three related cases are Case Nos. 26-cv-23083-RAR (S.D. Fla.), 26-cv-23084-RAR (S.D. Fla.), and 26-cv-23086-RAR (S.D. Fla.).

file a second, more targeted motion for preliminary injunction (with supporting exhibits), addressing just the Yu Defendants.

Additionally, the undersigned notes that section 299(a) permits "parties that are accused infringers" to "be joined in one action as defendants" where:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). In addressing Plaintiffs' request for injunctive relief, Plaintiffs should also address whether the Yu Defendants have been properly joined here.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED in part and DENIED in part** as follows:

1.      The Court will require Plaintiffs to file on CM/ECF a new preliminary injunction motion, whose facts, arguments, evidence, and supporting exhibits are directed specifically to (and concern only) the Yu Defendants. This new motion and all supporting exhibits (including any declarations and affidavits) will be filed on CM/ECF by no later than **Friday, June 5, 2026**.

   a.      The Yu Defendants will have **fourteen (14) days** from the date the second preliminary injunction motion is filed to file their joint response.

   b.      Plaintiffs may file an optional reply by no later than **seven (7) days** after the filing of the response.

   c.      The request for an automatic sur-reply is **DENIED without prejudice**.

2.      The Court will require the Parties to confer regarding the need for an evidentiary hearing and file a joint notice on CM/ECF **by no later than the date of the Yu Defendants' response**. The joint notice should advise the Court whether the parties agree that an evidentiary hearing is

necessary and, if so, how much time they believe should be reserved for such a hearing. If the Parties are not in agreement as to the need for a hearing, then each side should state its position and provide an explanation for that position.

3. By the same deadline, Plaintiffs will file on CM/ECF a memorandum addressing whether, as a practical matter, the P.I. Motion (ECF No. 11) should address the remaining Defendants collectively. The memorandum should advise the Court which sets of remaining Defendants, if any, should be grouped together for purposes of addressing the evidence presented and relief requested in connection with the P.I. Motion (ECF No. 11). Plaintiff's memorandum should explain how each particular group of Defendants are related to one another, and why these alleged patent infringers should be considered together. If Plaintiff does not have sufficient information at this juncture as to whether certain Defendants should be grouped together, then the memorandum should also state this.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of May, 2026.

                    _____

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE